**Melvin E. LONNING and wife, Linda F. Lonning, Plaintiffs-Appellants,**

v.

**JIM WALTER HOMES, INC., Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section at Nashville.

Oct. 31, 1986.

Application for Permission to Appeal Denied by Supreme Court Feb. 9, 1987.

Dicken E. Kidwell, Daryl M. South, Murfreesboro, for plaintiffs-appellants.

L. Webb Campbell II, Dearborn & Ewing, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiffs Melvin E. Lonning and wife, Linda F. Lonning, from the dismissal of their complaint against defendant Jim Walter Homes, Inc., (Jim Walter) following the trial judge's sustaining of Jim Walter's motion for a summary judgment.

This case arose out of the construction of a prefabricated home by Jim Walter for plaintiffs. The plaintiffs have asserted claims for fraudulent misrepresentation, negligent misrepresentation, fraudulent non-disclosure, breach of express warranties, and gross negligence.

The Plaintiffs base all of their claims on two allegations. First, with knowledge that the land would not percolate,[1] Jim Walter's agents told Mr. Lonning that the construction site was suitable for construction of the home. Second, Jim Walter failed to reveal to plaintiffs that the lot did not percolate.

The Chancellor sustained Jim Walter's motion for summary judgment on the ground that the applicable statute of limitations, Tenn.Code Ann. § 28-3-202, barred the plaintiffs' suit.

We affirm the Chancellor's judgment.

On an appeal from a summary judgment, this Court determines whether the trial court correctly applied Rule 56 of the Tennessee Rules of Civil Procedure. *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 929 (Tenn.App.1984). Rule 56.03 provides in part as follows:

---

1. Percolation is a process whereby sewage is disseminated into the surrounding soil.

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

We must view all affidavits, depositions, answers to interrogatories, and other evidence before the court in the light most favorable to the opponent of the motion. *Jones v. Home Indemnity Insurance Co.,* 651 S.W.2d 213, 214 (Tenn.1983). The material facts in this case are undisputed.

In 1968, Melvin Lonning's brother and father built a septic tank system on the lot where Jim Walter eventually built the plaintiffs' home. Mr. Lonning's father owned the land at that time. The septic tank system serviced two trailers. The plaintiffs moved into one of the trailers in 1973.

In the summer of 1976, Mr. Lonning purchased the lot from his father and decided to build a house there. Afterwards, on July 27, 1976, Mr. Lonning signed a contract with Jim Walter for the construction of the house. The contract stated, *inter alia:*

The house to be constructed is not designed for unusual surface conditions and/or sub-surface condictions in that no warranty is made that the house is designed for conditions that are abnormal, that no testing of the soil will be conducted by the Seller.

Before signing the contract, Mr. Lonning read it and interpreted the above language to refer to the suitability of the soil for supporting a foundation. After signing the contract, Mr. Lonning was assured by representatives of Jim Walter that his land was suitable for the construction of a Jim Walter home, that if the land did not percolate, Jim Walter would not build the house, and that Jim Walter would conduct a survey of the land and test the land to insure that it percolated.

Construction began in early August, 1976. Jim Walter received a letter dated August 16, 1976, from the Rutherford County Department of Health which stated:

On Friday, the 13th of August, an inspection was made of a lot located on Woodbury Road and owned by Melvin Lonning. At the time of inspection there was found to be an existing system, which appeared to be a 1,000 gallon tank and about 200 feet of field line. This system had been installed in the '60's and was servicing two trailers and appears to be functioning properly:

The system was not inspected or approved by the Health Department as we have no file on the lot. The soils are Rocky Talbott (heavy clay).

Jim Walter neither showed the letter nor revealed its contents to the plaintiffs.

On August 23, 1976, Otto Byers, on behalf of Jim Walter, signed and received a permit for construction of an additional two hundred feet of field line for sewage disposal. The permit expressly stated: "This addition is to be tied into existing system of 200 ft. No guarantee of the continuing operation is given due to unusual circumstances [see letter]." At no time did plaintiffs and Jim Walter have a contract for, or even discuss, work on a sewage disposal system. Jim Walter neither showed the permit nor revealed its contents to the plaintiffs. The addition to the septic tank system was never made.

In early September, 1976, Jim Walter completed construction of the home and the plaintiffs, who were just married, moved in. The house was connected to the existing septic tank system and has had sole use of that system. Except for some seepage at the end of the line, the septic tank system has worked properly.

In March, 1985, plaintiffs decided to put their house on the market for sale. In June, 1985, an official of the Rutherford County Health Department informed plaintiffs that their land did not percolate. The plaintiffs have received no offers to buy their home. They filed this action on July 1, 1985.

■ Tennessee Code Annotated § 28–3–202 provides:

All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency ... shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

This statute applies to the action brought by plaintiffs. They are seeking damages resulting from the construction of an improvement to real property, in this case, a home. The construction of the home was completed in September, 1976. The plaintiffs filed this action on July 1, 1985, more than four years after completion of the house. However, Tenn.Code Ann. § 28–3–205(b) provides that the statute is not a defense for a party guilty of fraud. *Pridemark Custom Plating, Inc. v. Upjohn Co.,* 702 S.W.2d 566, 571 (Tenn.App.1985).

 The burden is upon the plaintiffs to establish a claim for fraud sufficient to survive the motion for summary judgment. Otherwise, under the circumstances here, Tenn.Code Ann. § 28–3–202 bars their suit.

Our Supreme Court has stated:

As a general rule, summary judgment is not an appropriate procedure for the disposition of such an issue [i.e., fraud].

Nevertheless, it is incumbent upon the party asserting fraud, when confronted by a motion for summary judgment, to produce some competent and material evidence legally sufficient to support his claim or defense.

*Fowler v. Happy Goodman Family,* 575 S.W.2d 496, 499 (Tenn.1978) (citations omitted).

 To establish a claim for fraudulent misrepresentation, the party seeking recovery must reasonably rely upon the misrepresentation and must sustain an injury as a result. *Haynes v. Cumberland Builders, Inc.,* 546 S.W.2d 228, 232 (Tenn.App.1976).

 The plaintiffs have presented evidence that an agent for Jim Walter informed Mr. Lonning that the house would not be built if the land did not percolate. However, it is undisputed that Mr. Lonning signed the contract before he and officials of Jim Walter discussed the percolation of the land and before anyone from Jim Walter promised not to build the house if the land was unsuitable. Therefore, as a matter of law, plaintiffs did not rely upon any representation by Jim Walter as to the suitability of the land for a Jim Walter home as a condition for entering into the contract.

 For concealment or non-disclosure to constitute fraud, the party charged with fraud must have knowledge of an existing fact or condition and a duty to disclose the fact or condition *Dozier v. Hawthorne Development Co.,* 37 Tenn.App. 279, 292, 262 S.W.2d 705, 711 (1953). A party to a contract has a duty to disclose to the other party any material fact affecting the essence of the subject matter of the contract, unless ordinary diligence would have revealed the undisclosed fact. *Simmons v. Evans,* 185 Tenn. 282, 285–86, 206 S.W.2d 295, 296 (1947).

 The plaintiffs argue that the letter from the Health Department, coupled with the building permit for an addition to the septic tank system, indicates that Jim Walter had knowledge that the land was unfit for a house and is sufficient to establish a prima facie case.

However, the undisputed facts established that Jim Walter had no duty to disclose possible problems with sewage disposal. The subject matter of the contract between Jim Walter and the plaintiff was the construction of a house. Mr. Lonning already owned the lot on which the house was to be built. The contract explicitly states: "The house to be constructed is not designed for unusual surface conditions and/or sub-surface conditions in that no warranty is made that the house is designed for conditions that are abnormal, that no testing of the soil will be conducted by the Seller." The contract does not include the installation, hookup, or inspection

of a septic tank system. Mr. Lonning admits that he intended to connect the house to the existing septic tank system and never discussed an addition to the septic tank system with Jim Walter. Sewage disposal was not a part of the subject matter of the contract. Therefore, Jim Walter had no duty to disclose that the land did not percolate, regardless of knowledge.

The plaintiffs have failed to establish a claim for fraud sufficient to survive a motion for summary judgment. Tennessee Code Annotated § 28-3-202 bars the plaintiffs' action.

The judgment of the trial court is affirmed with costs assessed against the plaintiffs and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

CANTRELL and KOCH, JJ., concur.