ALAN E. NORRIS,
concurring.
I concur in the result reached by Judge Martin’s opinion, but respectfully disagree with the analysis offered in Section III. While I agree with the majority that S & B Wilson’s failure to disclose its alleged decision to terminate the Agreement between Hometown and S & B Wilson can *537 not serve as a basis for liability because Hometown presented no evidence indicating when S & B Wilson made its decision to terminate, I disagree that under Tennessee law, S & B Wilson’s failure to disclose its right to terminate the contract could not serve as a basis for liability. The majority states that “[i]n our view, one party should not be required to give notice to the other that its right to terminate a contract has been triggered.” Maj. Op. at 532. I see no reason to rule on this aspect of Tennessee law because Hometown’s claim would fail under an expansive interpretation of the duty of good faith and fair dealing.
Hometown’s ordinary due diligence should have revealed that S & B Wilson would be able to terminate the Agreement. “A party to a contract has a duty to disclose to the other party any material fact affecting the essence of the subject matter of the contract, unless ordinary diligence would have revealed the undisclosed fact” Lonning v. Jim Walter Homes, Inc., 725 S.W.2d 682, 685 (Tenn. Ct.App.1986) (emphasis added). Viewing the evidence in the light most favorable to Hometown, S & B Wilson knew at least by November 8, 2005 that it would be able to terminate the Agreement under Section 9.1(g) because the amount already spent and the amount required in escrow totaled more than $100,000. At this time, Hometown admitted knowing that Burger King had required S & B Wilson to place $98,900 in escrow. This is still $1,101 short of the amount needed to satisfy Section 9.1(g), but it is enough to place Hometown on notice that the repairs could exceed $100,000. It is not plausible for Hometown to claim that it would not have proceeded with its due diligence because of the $1,201 shortfall because only a relatively minor repair would have been necessary to cause S & B Wilson to meet the $100,000 threshold for termination. Hence, Hometown’s duty of due diligence should have led it to ascertain whether any additional repairs had been made.[1]
Because I believe that federal courts sitting in diversity should refrain from unnecessarily deciding issues of state law, I would reverse on the above stated factual grounds.

. The record indicates that Hometown was told the amount in escrow decreased after November 8, 2005, and Burger King stated that they would inform Hometown when additional repairs would be completed. Yet Hometown, performing due diligence, never inquired as to whether any repairs had been made before November 8.