IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 14, 2019 Session

## HAROLD OLIVER ET AL. v. TODD PULSE ET AL.

**Appeal from the Chancery Court for Hardeman County**
No. 16745     Martha B. Brasfield, Chancellor

————————————————————

**No. W2019-00750-COA-R3-CV**

————————————————————

This appeal requires us to determine the scope of a real estate licensee's duty under the Tennessee Residential Property Disclosures Act codified at Tennessee Code Annotated § § 66-5-201 *et seq*. to advise their client to disclose conditions of improved real property. We hold that a licensee's duty under the Act encompasses a duty to advise his or her client/seller to disclose known material defects. We affirm denial of Plaintiff/Sellers' motion for summary judgment on the issue of breach of statutory and contractual duties. In light of the undisputed facts of this case, we find Defendants are entitled to a judgment as a matter of law on the question of breach and remand for entry of a judgment consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Julie C. Bartholomew, Somerville, Tennessee, for the appellants, Harold Oliver, and Patsy Oliver.

Russell E. Reviere and Jonathan D. Stewart, Jackson, Tennessee, for the appellees, Todd Pulse and Hardeman County Results Realty, Inc.

## OPINION

### Background and Procedural History

The gravamen of this action is whether a real estate licensee has a duty to advise

his or her client/seller to disclose to a buyer of improved real property known material defects other than those specifically listed on the Disclosure Statement prescribed by Tennessee Code Annotated section 66-5-202 and contained in sample form at Tennessee Code Annotated section 66-5-210. The background facts giving rise to this lawsuit are largely undisputed and were set forth in *Odom v. Oliver*, 310 S.W.3d 344 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. Nov. 23, 2009), the 2006 action that precipitated the current action. The current action is essentially an action for indemnity by the defendant/sellers against the defendant/real estate agent/licensee in *Odom*.

In 1999, Harold Oliver and Patsy Oliver (collectively, "Sellers") purchased the home that is at the center of both lawsuits. *Odom*, 310 S.W.3d at 346. The home was of log construction, but was covered by vinyl siding on the exterior when Sellers purchased it. Sellers made improvements to the home, including finishing the interior with sheet rock. As a result, "the house no longer looked like a log home." *Id.* When Sellers decided to sell the home in 2005, they listed it with Todd Pulse ("Mr. Pulse"), a licensed real estate agent with Hardeman County Results Realty, Inc. ("Results Realty"). *Id.* As we stated in *Odom*,

> Sellers originally informed Mr. Pulse that they had made improvements to the house, and, eventually, [S]ellers explained that the house was actually a log construction home covered on the outside with vinyl siding and they had installed sheet rock within the house. Sellers also completed and signed a Tennessee Residential Property Condition Disclosure ("Disclosure"). The Disclosure indicated that new wiring was installed five years ago, but there is no specific indication that Sellers installed sheet rock inside the house. The Disclosure Act also contains a buyer's acknowledgment that the "disclosure statement is not intended as [a] substitute for any inspection ... [and that buyers] have a responsibility to pay diligent attention to and inquire about those material defects which are evidenced by careful observation."

> Buyers eventually purchased the house from Sellers. The purchase agreement provided that Buyers maintained a right to inspect the house for, among other things, structural defects and interior water intrusions. The purchase agreement also waives any warranty and provided the following:

> Buyer shall, within ___ days after Binding Agreement Date, make such inspections described herein AND, by written notice to Seller, either:

>> (1) accept the Property in its present "AS IS" condition with any and all faults and no warranties expressed or implied. Seller has no obligation to make repairs;

OR (2) furnish Seller a copy of the inspection report and a written list of items set forth in the inspection report which Buyer requires to be repaired and/or replaced in a professional and workmanlike manner.

OR (3) furnish Seller with a list of written specified objections and immediately terminate this Agreement with all Earnest Money refunded to Buyer. Seller, upon request, shall be entitled to a copy of all inspection reports.

Nevertheless, Buyers did not have the house inspected before completing the sale.

Although Mr. Pulse contends that in a telephone conversation to Buyers' realtor he mentioned that the house was a log home, Buyers' realtor denied receiving this information. Buyers discovered that the house was constructed from logs in July 2006, when a strong wind storm tore some of the vinyl siding off of the house. Plaintiffs subsequently retained a residential home builder, Charles Hill ("Mr. Hill") to inspect the house. Mr. Hill discovered that up to sixty percent of the logs were damaged or rotting. Mr. Hill explained that this compromised the structural integrity of the home and believed it would cost $125,000.00 to repair. Buyers admit that neither Sellers nor Mr. Pulse were aware of any rot or moisture problem with the wooden logs before Buyers purchased the house.

*Id.* at 346-48.

In their 2006 action against Sellers, Mr. Pulse, and Results Realty, Buyers sought rescission of the 2005 purchase agreement to buy the real property and alleged fraudulent concealment and violation of the Tennessee Residential Property Disclosures Act. *Id.* at 348. The trial court awarded summary judgment to all defendants in the 2006 action. *Id.*

On appeal, this Court affirmed summary judgment in favor of Mr. Pulse and Results Realty for the alleged violation of their statutory duties to Buyer. The *Odom* court held that, under Tennessee Code Annotated section 66-5-206 (2004), Mr. Pulse's duty to Buyers was limited to disclosing "adverse facts," defined by the statute as "conditions or occurrences generally recognized by competent licensees that significantly reduce the structural integrity of improvements to real property, or present a significant health risk to occupants of the property." The *Odom* court agreed with the trial court that Buyers had "failed to demonstrate that competent realtors generally recognized that a house constructed from logs significantly reduced the structural integrity of the house." *Id.* at 352-53.

However, the *Odom* court reversed summary judgment in favor of Sellers with

respect to Buyers' action for fraudulent concealment. *Id.* at 353. With respect to whether "Sellers had a duty to disclose that the house was constructed from logs because that information [was] a material fact or condition[,]" the *Odom* court "limit[ed] [its] inquiry as to whether a reasonable person would attach importance to the fact that the house was a log home in determining his or her choice in the transaction in question." *Id.* at 351. The *Odom* court held, "[t]he question [of] whether the log construction [was] a material fact and the question [of] whether the log construction could have been discovered in the exercise of ordinary diligence [were] two inquiries that raise[d] a genuine issue of material fact [with respect to] whether Sellers had a duty to disclose." *Id.* at 352. The *Odom* court further determined that Sellers were not entitled to summary judgment on the issue of causation where testimony in the case raised a genuine issue of material fact with respect to whether "log homes are more susceptible to fungal spores which cause rotting and require a greater amount of care and maintenance than a conventional home." *Id.* Buyers eventually voluntarily nonsuited their action against Sellers in April 2013, leaving those issues unresolved.

Meanwhile, in June 2009 Sellers filed this separate action against Mr. Pulse and Results Realty (collectively, "Defendants") in the Chancery Court for Hardeman County. In their complaint, Sellers asserted claims for breach of fiduciary duty, breach of contract, negligence, indemnity, contribution, and violation of the Tennessee Consumer Protection Act. The underlying allegations supporting Sellers' claims were that Mr. Pulse breached his statutory duty to Sellers by failing to advise them to disclose the log construction of the home, thereby causing Sellers to incur substantial costs to defend the 2006 lawsuit.

Defendants answered in July 2009, denying allegations of negligence or wrong-doing and asserting that Mr. Pulse had advised Buyers' real estate agent that the home was of log construction. Defendants further denied any "duty or obligation beyond that set forth in T.C.A. § § 66-5-201, *et seq.*" Defendants additionally asserted that Sellers' action was barred by the doctrines of res judicata and collateral estoppel. Several competing motions for summary judgment ensued.

Defendants filed their first motion for summary judgment in April 2010. Defendants asserted that Sellers' claim under the Tennessee Consumer Protection Act was barred by the one-year statute of limitations set forth at Tennessee Code Annotated section 47-18-101, *et seq.*, and that the matter was barred by the doctrines of res judicata and collateral estoppel.

Sellers filed their response in opposition to Defendants' motion in June 2010. In August 2010, the trial court dismissed Sellers' claim under the Tennessee Consumer Protection Act as time-barred and denied Defendants' motion for summary judgment on the theories of res judicata and collateral estoppel.

Sellers filed their first motion for summary judgment in July 2013. In their

motion, Sellers asserted that they were entitled to implied indemnity based on Defendants' breach of fiduciary duty and because any negligence on their part was "passive" compared to the "active" negligence of Mr. Pulse.

Defendants responded to Sellers' motion in August 2013. In their response, Defendants asserted that Mr. Pulse's duty was limited to disclosing "adverse facts," that he complied with all duties enumerated the statutes, that section 62-13-402 abrogated any common law fiduciary duties, and that indemnity was not appropriate under the circumstances of this case. Defendants additionally asserted that, under *Odom*, section 66-5-206 provided the exclusive remedy in an action against a real estate licensee.

The trial court denied Sellers' motion for summary judgment by order entered in April 2014, and incorporated its August 28, 2013 ruling by reference. The trial court determined that the question of duty had not been resolved and that, assuming a duty, a genuine issue of material fact existed with respect to whether Mr. Pulse informed the Buyers' agent of the log construction.

In August 2016, Sellers filed Buyers' depositions and renewed their motion for summary judgment on their claim for indemnity. Sellers also filed the expert affidavit of Nick French ("Mr. French"), a licensed Tennessee real estate broker, in support of their argument that Mr. Pulse had a duty to advise Sellers to disclose the log construction and that Mr. Pulse breached that duty by failing to do so. Sellers further asserted that Mr. Pulse made no written disclosure to Buyers, and that Buyers' action against Sellers was premised "solely upon the non-disclosure of the home's log construction."

In their January 2017 response, Defendants again asserted the doctrine of collateral estoppel and objected to Mr. French's testimony as "expert testimony." Defendants again asserted that Mr. Pulse had no duty to advise Sellers to disclose the log construction because it was not specifically required by the disclosure form set forth in section 66-5-210. Defendants repeated their assertion that Mr. Pulse orally informed Buyers' agent of the log construction. They also asserted that Mr. French provided no testimony with respect "to whether that action meets the standard of care where the disclosure form does not otherwise require such information to be included." Defendants additionally repeated their assertion that the statutes supersede any common law cause of action. Defendants also noted that Mr. French did not state that log construction constitutes an adverse fact or material defect.

Following a hearing in February 2017, the trial court denied Sellers' renewed motion for summary judgment by order entered in April 2017. In its order, the trial court found that Mr. French's affidavit did not contain sufficient detail regarding how he reached his conclusion that Mr. Pulse's conduct fell below the standard of care. The trial court found that, notwithstanding the absence of countervailing testimony, more detailed facts were required to demonstrate how Mr. Pulse's conduct violated the standard of care

set forth in the statutes.

Defendants renewed their motion for summary judgment in July 2018. In their motion, Defendants asserted that they were under no duty to instruct Sellers to disclose information related to the log construction on the residential property disclosure form. Defendants asserted that the parties agreed that log construction, by itself, is not a "defect[,]" and relied on [s]ection 66-5-202(1) in support of the proposition that the statutes require disclosure of "any material defects known to the owner." Defendants also asserted that whether Mr. Pulse was aware of any "adverse fact" was determined by this Court in *Odom v. Oliver*.

Sellers responded to Defendants' motion on July 27, 2018, and reiterated their assertion that Mr. Pulse failed to inform them of their rights and obligations under the statutes where he failed to advise them to disclose of the log construction. Sellers did not dispute Defendants' statement that "[l]og construction is not a condition which, on its own, reduces the structural integrity of a house." Sellers also did not dispute that the disclosure form provided by the statutes does not contain a specific question with respect to the type of construction, but disputed that disclosure of the log construction was not required. Sellers disputed Defendants' assertion that Mr. French's affidavit did not qualify as an expert affidavit and contended that Defendants had failed to identify any expert proof that they complied with the standard of care.

Sellers again renewed their motion for summary judgment in August 2018, and Defendants filed their response in opposition to summary judgment in October 2018. In their renewed motion, Sellers asserted that no disputed issues of material fact existed with respect to Defendants' fault and liability, with respect to Sellers' comparatively less fault, or with respect to Defendants' "liability to indemnify" Sellers. Sellers moved the court to award them a judgment to recover their attorneys' fees and litigation costs based on implied indemnity. Sellers proffered Mr. French's revised affidavit in support of their contention that Mr. Pulse had a duty to advise Sellers to disclose the log construction but failed to do so. In their response, Defendants asserted that Mr. French's opinion with respect to the standard of care for realtors should be disregarded because the standard is set forth in the statutes as a matter of law. Defendants further asserted that a genuine issue of material facts existed with respect to breach of duty where Mr. Pulse testified that he complied with the statutory requirements. Defendants submitted that the issue was decided in *Odom* when this Court held that "Defendants did not have a duty to instruct disclosure of log construction because in and of itself it did not constitute an 'adverse fact[]' or 'defect.'" Defendants re-asserted their position that Mr. Pulse complied with section 66-5-201 *et seq.* where "the clear language of the disclosure statutes does not mandate that construction type be disclosed on the form."

The trial court heard the parties' renewed motions in February 2019 and held that "while a seller is required by law to disclose material facts, … an agent's duty to his

client/seller under Tennessee Code Annotated § 66-5-206 extends only to advising the client/seller's disclosure of those property conditions specifically listed on the statutory disclosure [f]orm[.]" The trial court accordingly found that Mr. Pulse had complied with the statute and was therefore immunized from liability to any party. The trial court additionally determined that a genuine issue of material fact existed with respect to whether Mr. Pulse had orally informed Buyers' agent of the log construction. The trial court granted Defendant's renewed motion for summary judgment and denied Seller's renewed motion by order entered on April 3, 2019. This appeal ensued.

## Issues Presented

Sellers raise the following issues for our review:

I: Did the Trial Court err in construing T.C.A. § 66-5-206 to preclude Licensee and Broker's legal liability to Sellers, thereby erroneously granting summary judgment to Licensee and Broker?

II: Did the Trial Court err in failing to award Sellers summary judgment, such that the matter should be remanded to the Trial Court for entry of summary judgment against Licensee and Broker, jointly and severally, and for the determination of the amount of Sellers' damages, including attorneys fees incurred by Sellers in this appeal?

The issues presented by this matter, as we perceive them, are:

I. Whether the trial court erred by determining that, under Tennessee Code Annotated sections 66-5-201 *et. seq.*, a real estate agent's duty to advise sellers to disclose conditions of improved real property is limited to those conditions specifically set-forth on the disclosure form required by section 66-2-201 and provided in sample form by section 66-5-210.

II. Whether the trial court erred by finding that a genuine issue of material fact existed with respect to whether Mr. Pulse breached his statutory duty to Sellers.

## Standard of Review

The question of whether a defendant owes a duty to a plaintiff is a question of law to be determined by the courts. *Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013). We review questions of law *de novo* upon the record, with no presumption of correctness. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Similarly, questions of statutory construction present questions of law which we review *de novo*, with no

presumption of correctness. *Sneed v City of Red Bank*, 459 S.W.3d 17, 22 (Tenn. 2014). It is well-settled that, when construing a statute,

> [o]ur primary objective ... is to carry out the intent of the legislature without unduly broadening or restricting the statute. When a statute is clear, we apply the plain meaning without complicating the task, and simply enforce the written language. When a statute is ambiguous, however, we may refer to the broader statutory scheme, the history of the legislation, or other sources to discern its meaning.

*Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 400 (Tenn. 2013) (citations omitted).

Our review of the trial court's disposition of a motion for summary judgment also is *de novo* upon the record with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019) (citation omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. If the party moving for summary judgment

> does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015) (emphasis in original). The party opposing a properly supported motion for summary judgment "'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'" *Id.* at 265 (emphasis in original) (quoting Tenn. R. Civ. P. 56.06). "The nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id*. (quoting *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S. Ct. 1348 (1986)). Rather, "[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.*

### Real Estate Licensee's Duty to Seller

We begin our discussion by noting that Mr. Pulse's obligation to Buyers with respect to disclosure of conditions in this case is not before us. That issue was addressed

in *Odom v. Oliver*, where we held that Mr. Pulse's obligation to Buyers was to disclose "adverse facts." In *Odom*, we held that the record in that case did not demonstrate that the log construction itself, without evidence of known deterioration or defect, constituted an adverse fact. *Odom*, 310 S.W.3d at 353. *Odom* did not address Mr. Pulse's duty to advise Sellers, nor did it determine whether Sellers had a duty to disclose the log construction. *See id.* at 352. Rather, the *Odom* court held that, with respect to Buyers' claim for fraudulent concealment, a genuine issue of material fact existed in that case with respect to whether the log construction was a material fact that Sellers had a duty to disclose. *Id.* However, the issue of Mr. Pulse's statutory duty to advise Sellers was not before the court in that case.

We accordingly turn to Defendants' assertion that, under the Tennessee Residential Property Disclosure Act ("the Act"), a seller's obligation to disclose is limited to the conditions specifically noted on the disclosure form provided by section 66-5-210, which undisputedly does not list "log construction" among the items to be disclosed.[1] Section 66-5-210 provides that the "completed form constitutes . . . disclosure by the seller[,]" and that, although any form utilized by a seller must "include all items contained in the form" provided by the section, a seller is not required to use "the one included in [the] section." Tenn. Code Ann. § 66-5-210. We observe that the form specifically includes structural elements such as interior walls, exterior walls, ceilings, floors, insulation, foundation, slab, and roof. It also includes any "structural modifications or other alterations or repairs made without necessary permits" or "not in compliance with building codes." Section 66-5-201 requires that the required disclosure "be given in good faith by the owners[.]" Section 66-5-202, moreover, requires that the owner furnish a disclosure statement "including any material defects known to the owner." Section 66-5-202 further provides that the form used "may be" the form provided by the statute and that whatever form is utilized "must include all items listed on the disclosure form" provided by the statute.

We agree with Sellers that the form provided by section 66-5-210 does not and, as a practical matter, cannot contain every item that a seller may be required to disclose to fulfill the intent of the disclosure statutes. Rather, this Court has found that the Tennessee Residential Property Disclosure Act requires the owner "to furnish a residential property disclosure statement to a purchaser regarding the condition of the property, including any *material defects* known to the owner." (emphasis added), *Ledbetter v. Schacht*, 395 S.W.3d 130, 135 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. Jan. 9, 2013).

Additionally, as the *Ledbetter* court noted, section 66-5-206 "requires the licensee to inform buyers or sellers whom they represent (and, in some cases, unrepresented

---

[1] The statutory sections insofar as they apply to our discussion of the issues presented on appeal have remained substantially unchanged since the 2005 transaction at issue in this lawsuit.

buyers) of their rights and obligations under the Residential Property Disclosure Act." *Ledbetter*, 395 S.W.3d at 135. The section further provides:

> *If* a real estate licensee performs those duties [to inform], the licensee shall have no further duties to the parties to a residential real estate transaction under this part, and shall not be liable to any party to a residential real estate transaction for a violation of this part or for any failure to disclose any information regarding any real property subject to this part. However, a cause of action for damages or equitable remedies may be brought against a real estate licensee for intentionally misrepresenting or defrauding a purchaser. A real estate licensee will further be subject to a cause of action for damages or equitable relief for failing to disclose adverse facts of which the licensee has actual knowledge or notice. "Adverse facts" means conditions or occurrences generally recognized by competent licensees that significantly reduce the structural integrity of improvements to real property, or present a significant health risk to occupants of the property.

Tenn. Code Ann. § 66-5-206 (emphasis added); *Ledbetter*, 395 S.W.3d at 135. As the *Ledbetter* court noted, moreover, "a real estate licensee is not excused from making the disclosures required by § 62-13-403 of the Real Estate Broker License Act, and the Residential Property Disclosure Act does not remove or otherwise affect 'any remedy provided by law for such a failure to disclose.'" *Ledbetter*, 395 S.W.3d at 137 (quoting Tenn. Code Ann. § 66-5-208(d)(2)). Section 62-13-403 provides, in relevant part:

> A licensee who provides real estate services in a real estate transaction shall owe all parties to the transaction the following duties, except as provided otherwise by § 62-13-405, in addition to other duties specifically set forth in this chapter or the rules of the commission:
>
> (1) Diligently exercise reasonable skill and care in providing services to all parties to the transaction;
>
> (2) Disclose to each party to the transaction any adverse facts of which the licensee has actual notice or knowledge;
>
> . . . .
>
> (4) Provide services to each party to the transaction with honesty and good faith[.]

Reading the statutory provisions together, we hold that, under section 66-5-202, an owner's/seller's duty to disclose includes an obligation to disclose known "material defects." Section 66-5-206 imposes on real estate licensees a duty to inform owners/sellers whom they represent of that obligation. The section also imposes on real

- 10 -

estate licensees a duty to disclose "adverse facts" as defined by the section. Section 62-13-403 requires the licensee to act diligently to exercise reasonable skill and care in providing services. Section 66-5-206 immunizes a real estate licensee from liability under the part only if 1) the licensee has fulfilled their duty to inform the sellers or buyers whom they represent of their duties and obligations and 2) if the licensee has fulfilled their duty to disclose known adverse facts as defined by the section. *See Ledbetter*, 395 S.W.3d at 135-36.

As noted above, the trial court awarded summary judgment to Defendants on the issue of duty upon determining that Mr. Pulse's duty to advise Sellers to disclose was limited to those conditions specifically listed on the disclosure form. In light of the foregoing, we affirm the trial court's award of summary judgment to Defendants; however, we do so on a different basis.[2] We hold that, under the Tennessee Residential Property Disclosure Act, a seller has an obligation to disclose known "material defects" in addition to those conditions specifically listed on the sample form, and a real estate licensee has a duty to advise his or her client/seller of this obligation.

The plain language of sections 66-5-202 and 66-5-206 requires real estate licensees to advise their client/sellers to disclose known "material defects" on the disclosure form, and to disclose "adverse facts" of which the licensee has actual knowledge or notice. However, the record contains no proof that the log construction, in and of itself, was a "material defect" that Sellers were required to disclose under section 66-5-202. Further, in defending their prior lawsuit, Sellers maintained that "a log-frame home is not defective[.]" *Odom*, 310 S.W.3d at 350. This court has already determined that the evidence in that case did not demonstrate that the log construction was in itself an "adverse fact" which Mr. Pulse had a duty to disclose to Buyers. *Id.* at 353. Likewise, the record before us contains no proof that the log construction, in and of itself, was an "adverse fact" which Defendants had a duty to disclose.[3] In light of the undisputed facts, we hold that Defendants are entitled to a judgment as a matter of law on the issue of breach of their duty to Sellers.

## Denial of Sellers' Motion for Summary Judgment

---

[2] An appellate court may affirm summary judgment on different grounds. *Moore v. State,* 436 S.W.3d 775, 786 (Tenn. Ct. App. 2014). *White v. Empire Exp., Inc.,* 395 S.W.3d 696, 717 (Tenn. Ct. App.2012) (citation omitted). *See also Collier v. Legends Park LP*, 574 S.W.3d 356, 359 (Tenn. Ct. App. 2018).

[3] We also determined that the evidence in *Odom*, 310 S.W.3d 344, did not demonstrate that the log construction was in itself an "adverse fact" which Mr. Pulse had a duty to disclose to Buyers. *Id.* at 353.

We next turn to Sellers' assertion that, because the trial court erred in its determination of Mr. Pulse's duty under the statutes, the trial court erred in denying Sellers' motion for summary judgment with respect to breach and causation. In light of the foregoing discussion of duty as applied to the facts of this case, we disagree.

We begin our discussion of this issue by noting that it is undisputed that neither Sellers nor Mr. Pulse had any knowledge that the logs beneath the vinyl siding were deteriorating or defective. *Odom*, 310 S.W.3d at 349. We additionally reiterate that Sellers have maintained that log-frame construction in itself is not defective. *Id.* at 350. As noted above, the *Odom* court determined that the evidence in that case did not demonstrate that the log construction was in itself an "adverse fact" which Mr. Pulse had a duty to disclose to Buyers. *Id.* at 353. Unlike the plaintiff/buyers in *Odom*, Sellers do not allege fraudulent concealment.[4] Rather, Sellers' argument, as we summarize it, is that Mr. Pulse's failure to advise them to disclose the log-frame construction constitutes a breach of his duty to advise them to disclose "material facts" under section 66-5-202.

Upon review of the record in this case, we observe that the question of Mr. Pulse's duty to Sellers under section 66-5-202 has focused on whether the log construction was a "material fact" which Mr. Pulse had a duty to advise Sellers to disclose. However, section 66-5-202 requires Sellers to advise Buyers of any "material defects known to the owner." Sellers' expert, Mr. French, stated in his affidavit that, "because the log construction was an unusual/atypical condition for residential construction and further, was hidden from view beneath sheet rock and siding so as to not be visible to a potential buyer, it was a *material fact* that the seller/client was required to disclose[.]" (emphasis added). There is nothing in this record, however, to demonstrate that the log construction was a material *defect* which Sellers were obligated to disclose under the statute.

This distinction is significant with respect to Sellers' duty under the statutes. A material fact is one that is "significant or essential to the issue or matter at hand." *Black's Law Dictionary* (11th ed. 2019). While a "material defect" is not defined by Black's, a "defect," is defined as an "imperfection or shortcoming[.]" *Id.* In the trial court, Sellers did not dispute that "[l]og construction is not a condition which, on its own, reduces the structural integrity of a house." Additionally, the record contains a portion of the deposition of Mr. Hill, buyers' expert in their action against Sellers in *Odom*, who affirmed that "[t]here's nothing inherently deficient about a log home construction as opposed to any other if it's maintained properly[.]"

As previously discussed, the record contains no evidence demonstrating that the log construction was, in itself, a "material defect" that Sellers were required to disclose

---

[4] A cause of action for fraudulent concealment requires proof that the defendant has concealed "'a material fact or condition,' rather than a defect[.]" *Id.* at 350. *See also id.* at 349-351.

under section 66-5-202.  On the contrary, Sellers have argued that they "did not conceal a defect because a log-frame home is not defective[.]"  *Odom*, 310 S.W.3d at 350.  Accordingly, there is no proof that Defendants had a duty to advise Sellers to disclose the log construction of the house as a part of the requirements imposed upon them by section 66-5-202.  We accordingly affirm the trial court's denial of Sellers' motion for summary judgment.

## Conclusion

Our Supreme Court has previously held that,

> when the facts material to the application of a rule of law are undisputed, the application is as a matter of law for the court since there is nothing to submit to the jury to resolve in favor of one party or the other.  In other words, when there is no dispute over the evidence establishing the facts that control the application of a rule of law, summary judgment is an appropriate means of deciding that issue."

*Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993).  In light of our foregoing conclusions with respect to the applicable law and the undisputed facts in this case, we hold that Defendants are entitled to a judgment as a matter of law.  We accordingly remand this matter to the trial court with instructions to enter a final judgment in favor of Defendants in this matter.

This matter is remanded to the trial court for entry of a judgment consistent with this Opinion.  Costs on appeal are taxed to Appellants, Harold Oliver and Patsy Oliver, and their surety, for which execution may issue if necessary.

s/ Carma Dennis McGee
CARMA DENNIS MCGEE, JUDGE