**Stanley R. KEEBLER,
Plaintiff-Appellant,**

v.

**Willie Clay STREET, Marsha Street and
J.D. Street, Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

March 6, 1984.

Permission to Appeal Denied by
Supreme Court May 29, 1984.

Ferdinand Powell, Jr., of Powell & Epps, Johnson City, for plaintiff-appellant.

John D. Goodin, Johnson City, for defendants-appellees.

## OPINION

SANDERS, Judge.

The Plaintiff has appealed from a decree of the chancery court holding the Defendants had acquired a prescriptive easement across his property.

The pertinent facts in this case are not in dispute. Plaintiff-Appellant, Stanley R. Keebler, and the Defendant-Appellee, Willie Clay Street, are owners of adjoining lots in Block 37 of the Southwest Addition in Johnson City. The Plaintiff is the owner of Lot 26 and the westerly half of Lot 25 and the Defendant owns Lot 27 and the easterly half of Lot 28. The lots all face on the southerly side of Pine Street and extend back in a southerly direction 141.4 feet to an alley. The divisional line between the parties extends along Lots 26 and 27. The Plaintiff purchased his property in October, 1969, from Sarah McArthur Martin who had inherited the property from her mother, Sarah P. McArthur, who acquired the property in 1923. The Defendant purchased his property in September, 1961, from Adeline M. Richardson. Mrs. Richardson retained a life estate in the property but died in 1973. Mrs. Richardson acquired the property from Glenn H. Brown in 1927 and made it her home until about a year before her death. Mrs. Richardson was the sister of Sarah McArthur's husband.

Some time in 1925 or 1926 a driveway approximately seven feet in width leading from Pine Street to the back of the properties was constructed together with a three-bay garage on the back of the properties. The driveway is located between the residence located on Lot 26 and the residence on Lot 27. For approximately 75 feet from Pine Street the driveway is located entirely on the Plaintiff's property. As the driveway passes the two houses it fans out to form an apron in front of the garages, which sit back about two feet from the alley, and is located partly upon the Plaintiff's property and partly on the Defendant's property. The garage consists of three bays separated by partitions in one contiguous building which is 34.4 feet long and 21 feet deep. Approximately 25 feet of the garage building is located on the Plaintiff's property and 5.4 feet is located on Defendant's property. From the time the driveway and garages were constructed until this litigation started in 1977 the occupants of the respective properties jointly used the driveway and garages without dispute. It appears that the Plaintiff and his predecessors used two bays of the garage, the one in the center and the one on

the west end. The Defendant and his predecessors used the garage on the easterly end. The proof shows that about 1961 the driveway was resurfaced and perhaps widened a little and this expense was shared by those who were then the owners of the respective properties, Mrs. McArthur and Mrs. Richardson. Also, new guttering was placed on the garages about the same time and the cost of that was shared between them.

In 1977 the Plaintiff filed suit seeking to enjoin the Defendant from using the portion of the driveway located upon his property. Upon the trial of the case the court found the Defendant had a prescriptive easement on the property. The Plaintiff has appealed, presenting the single issue for review of "whether the chancellor erred in finding a prescriptive right in the Defendant when the record clearly shows use of the driveway was by permission."

In his findings of fact and determination of the case the chancellor said:

"While the exact calendar years are not established clearly by the proof, it is shown that for more than thirty years Mrs. Richardson and Mrs. McArthur lived in these properties, that both of them and their guests used the driveway in question and that both of them used the garage in the rear. Mrs. Richardson was the sister of M.T. McArthur, husband of Sarah P. McArthur, thus, the two property owners were sisters-in-law. Certainly the proof shows that from 1929 to 1959 and even longer, this driveway was used without interruption or dispute by both property owners. It was treated as a common way, and, it can be assumed, that neither worried about the other's use of it.

"In the rear the driveway spreads out onto the property now owned by Street, and part of the garage building is on the Street property. The proof shows that this condition has prevailed since the driveway and garage were built in 1925 or 1926. It was so when Mr. Street bought his lot in 1961 and when Mr. Keebler bought his property in 1969, and it is in that condition

today, or at least it was when this case was heard.

"Upon consideration of all of the proof, the Court finds that this driveway, the garage and the apron in front of the garage, are part of each of the two lots; and that because of the long use by the owners of both lots for the prescriptive period the owners of each lot acquired an easement in the driveway easement which was acquired by prescription was appurtenant to the lots for which it provides access, and passed with conveyance of the lots."

The Plaintiff insists that the chancellor was in error in finding the Defendant and his predecessor had acquired a prescriptive easement in the property because their use of the driveway was always permissive. He insists that in order to acquire a prescriptive easement in property the use must be adverse to the owner rather than permissive. He cites the cases of *Menefee v. Davidson County,* 195 Tenn. 547, 260 S.W.2d 283 (1953); *Connor v. Frierson,* 98 Tenn. 183, 38 S.W. 1031 (1897); and *City of Whitwell v. White,* 529 S.W.2d 228 (Tenn. 1974) as supportive of his contention.

■ Generally, twenty years of adverse use is required to establish a prescriptive easement. *German v. Graham,* 497 S.W.2d 245, 248 (1972); *Morgan County v. Goans,* 138 Tenn. 381, 383, 198 S.W. 69, 7 (1917); *Ferrell v. Ferrell,* 60 Tenn. (1 Baxter) 329, 335 (1872). In addition, "the use and enjoyment which will give title by prescription to an easement ... must be adverse, under claim of right, continuous, uninterrupted, open, visible, exclusive, and with the knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period...." *House v. Close,* 48 Tenn.App. 341, 345, 346 S.W.2d 445, 447 (1961). *See also Nashville Trust Co. v. Evans,* 30 Tenn. App. 415, 206 S.W.2d 911 (1947).

In *Martin v. Hoskins,* 1 Tenn.App. 44 (1925) and in *House v. Close, supra,* the court said, "The use and enjoyment which will give title by prescription to an easement or other incorporeal right is substantially the same in quality and characteris-

tics as the adverse possession which will give title to real estate."

Although what we have just said is the general rule prevailing in this jurisdiction, there is a line of cases in many jurisdictions which hold that where adjoining owners of property establish a driveway between their properties and each devotes a part of his land to the purpose, the use of the way by the respective parties for the prescriptive period raises a presumption of grants of easements on the theory that each owner, by his use, has continuously asserted an adverse right to that portion of the way lying on the other's land. *See* Annotations, 27 A.L.R.2d 332.

"[W]hile there are some decisions to the contrary, the weight of authority is to the effect that, where adjoining proprietors lay out a way or alley between their lands, each devoting a part of his own land to that purpose, and the way or alley is used for the prescriptive period by the respective owners or their successors in title, neither can obstruct or close the part which is on his own land; and in these circumstances the mutual use of the whole of the way or alley will be considered adverse to a separate and exclusive use by either party." 28 C.J.S. *Easements* § 18(j), 673. *Also see* Am. Jur.2d *Easements and Licenses* § 45, 456.

In the case of *Jones v. Ross*, 54 Tenn.App. 136, 388 S.W.2d 640 (1963) this court embraced the rule set out above in 28 C.J.S. In the *Jones* case an eight-foot concrete driveway was erected in 1914 by the defendant's predecessor in title along the divisional line of the properties owned by the plaintiff and defendant predecessors in title. One and three tenths feet of the driveway was located on the plaintiff's property and 6.7 feet was located on the defendant's property. In 1962 the defendant erected a brick wall along his portion of the driveway to prevent plaintiff's use of the driveway. Upon the trial of the case the defendant contended the plaintiff's use and the use by his predecessors was permissive only. The chancellor held the plaintiff had acquired a prescriptive easement in the whole of the driveway and ordered the wall removed. In sustaining the chancellor this court, for the first time in this jurisdiction, adopted the rule quoted above. In doing so, the court, speaking through Judge Carney, said:

"While admittedly there are cases holding directly to the contrary, we think the majority rule announced in both Corpus Juris Secundum and Am.Jur. is the better rule. Especially so in view of the former holding of this court in the case of *Jones v. Whitaker*, 12 Tenn.App. 551."

We think the *Jones* case is controlling in the case at bar.

The issue is found in favor of the Appellee. The decree of the chancellor is affirmed and the cost of this appeal is taxed to the Appellant.

GODDARD and FRANKS, JJ., concur.