WILLIAM B. PEVEAR                    )
and                                  )
REBECCA PEVEAR,                      )
                                     )
        Plaintiffs/Appellants,       )     Appeal No.
                                     )     01-A-01-9505-CH-00184
v.                                   )
                                     )     Davidson Chancery
EVANS HUNT, ANNIE IRENE HUNT,        )     No. 91-2716-II
and METROPOLITAN GOVERNMENT,         )
                                     )
        Defendants/Appellees.        )

FILED

Jan. 24, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE C. ALLEN HIGH, CHANCELLOR

NORMAN E. SOLOMON
209 Tenth Avenue South, Suite 205
Nashville, Tennessee  37203-4101
     ATTORNEY FOR PLAINTIFFS/APPELLANTS



LANCE A. BAKER
127 South Third Street
Clarksville, Tennessee  37040
     ATTORNEY FOR DEFENDANTS/APPELLEES
        EVANS HUNT AND ANNIE IRENE HUNT

STEVEN N. NUNN
204 Metro Courthouse
Nashville, Tennessee  37201
     ATTORNEY FOR DEFENDANT/APPELLEE
        METROPOLITAN GOVERNMENT OF NASHVILLE

REVERSED AND REMANDED


                              SAMUEL L. LEWIS, JUDGE

# O P I N I O N

This appeal involves a boundary line dispute between two neighbors. The Appellants, William and Rebecca Pevear, and the Appellees, Evans and Irene Hunt, own real estate which is separated by an alley which is owned by the Metropolitan Government of Nashville and Davidson County.

On August 16, 1991, William Pevear and his wife Rebecca Pevear, brought an action seeking to establish a right, by way of a prescriptive easement, to utilize a portion of defendant Hunt's property for driveway and parking purposes. Their contention is that a small graveled area in the alley has been used for over twenty years by the plaintiffs and their predecessors in title as a driveway. This graveled area is located partially on the public right-of-way, and partially on the property of the defendant Hunt's. Prior to the filing of the Complaint, the Appellees Hunt erected posts just inside the boundary line of their property, effectively rendering the remaining graveled area too narrow for use as a driveway. The Metropolitan Government claims it has no objection to either party's use of the alley but is unwilling to abandon the property.

On March 8, 1994, the Hunts counterclaimed, seeking damages for trespass by the Pevears onto the property of the Hunts, and further, for damage to the Hunt's personalty.

On March 18, 1994, the Pevear's filed a Motion for Summary Judgment seeking a disposition of their case. On May 27, 1994, the Hunt's filed a Motion to Dismiss the action brought by the Pevears. On August 31, 1994, the trial court entered an Order granting the Hunt's Motion to Dismiss and denying the Pevear's Motions for Summary Judgment. On May 10, 1995, the

2

trial court designated its decision in granting the Hunt's Motion to Dismiss and denying the Pevear's Motion for Summary Judgment as a final judgment from which this Appeal is taken. We hold that it erred and reverse.

An easement is a right an owner has to some lawful use of the real property of another. *Brew v. Van Deman*, 53 Tenn. (6 Heisk) 433 (1871). Easements can be created in several ways in Tennessee, including: (1) express grant, (2) reservation, (3) implication, (4) prescription, (5)estoppel, and (6) eminent domain. Easements can be divided into two broad classes, easements appurtenant, and easements in gross. In an easement appurtenant, there are 2 tracts of land, the dominant tenement, and the servient tenement. The dominant tenement benefits in some way from the use of the servient tenement. Easements in gross are simply a personal interest or right to use the land of another which does not benefit another property, or dominant estate, thus easements in gross usually involve only one parcel. An easement appurtenant to land is favored over an easement in gross in Tennessee. *Goetz v. Knoxville Power & Light Co.,* 290 S.W 409, 154 Tenn. 545 (Tenn. 1926).

To create a prescriptive easement, the use and enjoyment of the property must be adverse, under a claim of right, continuous, uninterrupted, open, visible, exclusive, with the knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period. *Keebler v. Street,* 673 S.W.2d 154, (Tenn. App. 1984). In Tennessee the prescriptive period is 20 years. *Callahan v. Town of Middleton,* 292 S.W.2d 501 (Tenn. App. 1956).

In this case, if an easement was granted, it would be

considered an easement appurtenant, as there are two tracts of land involved, with the Hunt's land benefiting the Pevear's land.

The trial court's final order, while denying the Appellant's Motion for Summary Judgment and granting the Appellee's Motion to Dismiss, did not cite any particular authority for its decision. The Appellee's Motion to Dismiss was predicated on the physical separation of the two properties, thus we will infer that the trial court found this fact determinative. Therefore, we will consider the principal legal issue in this matter to be whether non-contiguousness bars the establishment of prescriptive easement rights in Tennessee.

As the parties had indicated in their briefs, there is a split of authority on this question and Tennessee Court's have not yet spoken. However, we do so now. To ascertain our response this Court has reviewed the rulings of other jurisdictions, and finds that the majority position, as well as the trend in decisions on this issue, is in favor of a rule which does not require the servient tenement to be adjacent to the dominant tenement. Rather, we hold, as the Supreme Court of Pennsylvania did in 1965, that:

> The mere fact that an easement, to be of any benefit to the dominant tenement, must traverse land of another does not, of itself, destroy the easement. Although the existence of a servient tenement is a prerequisite to the creation of an easement appurtenant, it is not necessary that the servient and dominant tenements be contiguous parcels of land.

*Woodlawn Trustees, Inc. v. Michel,* 418 Pa. 398, 211 A.2d 454, 455-456 (1965), *citing Tidewater Pipe Co. v. Bell*, 280 Pa. 104, 124 A. 351 (1924).

We are persuaded that "the use of the easement must be so related to the use of the dominant tenement that its particular

4

connection with the beneficial enjoyment of that tenement is not merely conjectural, but direct and apparent." *Thomas v. Brooks,* 188 Ky. 253, 221 S.W. 542, 543 (1920). We do not insist there be strict, physical, contact between the parcels.

We believe this rule to be less mechanical, and more in harmony with the modern holdings found in the majority of states on this issue. *See Reiss v. Maynard,* 170 A.D. 2d 992, 566 N.Y.S. 2d 808, 809 (N.Y. App. Div. 1991); *Northwestern Improvement Co. v. Lowry,* 104 Mont. 289, 66 P.2d 792, 795 (1937); *Freightways Terminal Company v. Industrial and Commercial Construction, Inc.,* 381 P.2d 977, 982-983 (Alaska 1963); *Kaynor v. Fisch,* 230 P.2d 418, 422 (Calif. Ct. App. 1951); *Wetmore v. Ladies of Loretto, Wheaton,* 73 Ill. App. 2d 454, 220 N.E. 2d 491, 495 (1966); *Saunders Point Association, Inc. v. Cannon,* 1777 Conn. 413, 418 A.2d 70, 72 (Conn. 1979); *Wagner v. Fairlamb,*379 P.2d 165,169 (Colo. 1963).

We agree with the court in *Heard v. Bowen,* which when faced with this division of authority declared,

> [a]s the question is an open one in this state, we feel at liberty to adhere to the more liberal rule, which is founded upon justice and common sense in preference to one based upon the shadow instead of substance.

184 S.W. 234, 238 (Tex. App. 1916).

Therefore the judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the Appellees.

_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
WILLIAM C. KOCH, JR., J.