IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2013

## TERRY MULLINS v. ALFRED L. LOCKE ET AL.

**Appeal from the Chancery Court for Rhea County**
**No. 10593    Jeffrey F. Stewart, Chancellor**

---

**No. E2011-01395-COA-R3-CV-FILED-SEPTEMBER 30, 2013**

---

This is a suit by Terry Mullins seeking a declaration that the Defendants, the Lockes (who are brothers) and the Gillespies (who are husband and wife) – whose properties lie near to, and south of, the Plaintiff's property – have no right to the use of a driveway across the Plaintiff's property to Vera Drive in Rhea County.  The Defendants claim that they have a prescriptive easement, measuring some 47 feet long and 50 feet wide, enabling them to access Vera Drive over the Plaintiff's property.  This matter was before us at an earlier time. Because the statement of the evidence presented to us on the first appeal was, in our words, "a one-sided argumentative presentation of the evidence *favorable to the Plaintiff*," we remanded this case to the trial court, pursuant to the provisions of Tenn. Code Ann. § 27-3-128 (2000).[1]  (Emphasis in original.)  In our remand, we advised the parties that we were taking this action "so a proper statement of the evidence c[ould] be prepared." (Footnote in original omitted.)  Such a statement has now been filed.  Upon consideration of the very thorough statement prepared by the trial court, we conclude that the evidence does not preponderate against the court's judgment finding and holding that the Defendants have a prescriptive easement over the property of the Plaintiff.  Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

---

[1]Tenn. Code Ann. § 27-3-128 provides as follows:

> The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

CHARLES D. SUSANO, JR. J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Andrew F. Tucker, Dayton, Tennessee, for the appellant, Terry Mullins.

Justin C. Angel, Pikeville, Tennessee, for the appellees, Alfred L. Locke, Sidney W. Locke, and William D. Gillespie and wife, Kimberly Gillespie.

**OPINION**

I.

Our earlier opinion in this matter was filed on July 24, 2012. It was filed under the Court of Appeals docket number reflected above. In that opinion, we utilized some trial exhibits in explaining the dispute in this case. We quote extensively from our earlier opinion:

> The complaint, as amended, alleges that the Plaintiff owns lots 44 and 83 in Sunset Hills Estate Subdivision in Rhea County. The complaint further alleges that each unit of joint ownership, *i.e.*, (1) the defendants Alfred L. Locke and Sidney W. Locke ("the Locke defendants") and (2) the defendants William D. Gillespie and wife, Kimberly Gillespie ("the Gillespie defendants"), separately owns property that adjoins the Plaintiff's property. Allegedly, the Defendants have encroached upon the Plaintiff's property by building a driveway across it. The complaint references and attaches the deed to the Locke defendants and the deed to the Gillespie defendants and alleges that "the Defendants' deeds reference an easement from Ferguson Lane." We have reviewed the deeds, which are included among the trial exhibits, and they make no mention of any easement other than a standard general disclaimer on the plats referenced in the deeds stating that the conveyance is "subject to all right of ways and easements that may exist." Allegedly, the Defendants built their driveway to connect, across the Plaintiff's property, to Vera Lane. The amended complaint demands a declaration that the Defendants have no right to a driveway across the Plaintiff's property; the Plaintiff further seeks a permanent injunction restraining the Defendants from using the driveway.

As a starting point, we have used trial exhibit 3 as our Figure 1 below. It clearly shows the Plaintiff's lots 44 and 83 as well as Ferguson Lane and Vera Lane. We have made the following editorial changes to the original exhibit: (1) the placement of a zigzag line to show the approximate property line of the Locke defendants, as indicated on the plat attached to their deed; (2) identification of the property of the Locke defendants, as indicated on their deed, by the term "Locke defendants"; (3) identification of the property of the Gillespie defendants, as shown on their deed, by the term "Gillespie defendants"; and (4) the addition of an arrow pointing north. Thus, the Gillespie defendants own a tract that lies generally to the south of lot 41. According to the plat that is attached to the deed to the Locke defendants, they appear to own to the west of the Gillespie defendants.



Figure 1.


The trial judge heard the proof in this case at a bench trial.

\* \* \*

In its order disposing of the case, the trial court stated that

> a Directed Verdict[2] was found in favor of the Defendants, the terms and provisions are as follows:
>
> \* \* \*
>
> 1. That the Defendants . . . have established a prescriptive use for over a fifty (50) year time period in regards to the disputed driveway in this cause, which runs from Vera Drive, . . . crosses a portion of the Plaintiff's real property, known as Sunset Hills Subdivision Lot 44, and leads to the Defendants' real property, the extent, dimensions, and location of this driveway and acquired prescriptive easement are set forth in Trial Exhibit 10, which is attached hereto;
>
> 2. That the fifty (50) year prescriptive use was established by testimony of the Defendants that they and their privities in estate, have continuously used said driveway to access the family farm and their residences since around 1958;
>
> 3. That the aforementioned continuous use of said driveway consisted of access to the family farm for activities such as planting and harvesting corn and tobacco, maintaining livestock, harvesting hay and walnuts, and general maintenance on the family farm since around 1958;
>
> 4. That the Defendants currently use the driveway to access their residences, and Defendant Sydney Locke has done so since 1991;

---

[2]As pointed out in our earlier opinion, this was not a directed verdict. The trial court's statement of the evidence confirms that the trial court decided this case after both sides rested in a plenary bench trial.

-4-

5.  That the Plaintiff failed to produce sufficient proof that the Defendants lacked standing to assert their right to a prescriptive easement over the aforeidentified driveway.

6.  That the Defendants and their heirs and assigns shall be awarded free and unobstructed right to use the driveway, identified in Trial Exhibit 10, to access their real property and the Plaintiff, his heirs and assigns shall be permanently enjoined from restricting, obstructing, or altering the Defendants and their heirs and assigns from use of the driveway to access their real property;

7.  That the Defendants' acquired prescriptive easement to the driveway . . . shall attach to and remain with the [affected] real property in perpetuity . . . .

We have reproduced a portion of exhibit 10 below as our Figure 2:



Figure 2.

II.

The main issue before us is whether the evidence preponderates against the trial court's finding and holding that the Defendants have a prescriptive easement over the property of the Plaintiff. Since the trial court's judgment was rendered after a plenary bench trial, our review is de novo, with a presumption of correctness attaching to the trial court's findings of fact – a presumption we must honor unless and until the evidence preponderates against those findings. Tenn. R. App. P. 13(d); **Nave v. Nave**, 173 S.W.3d 766, 770 (Tenn. Ct. App. 2005). The trial court's conclusions of law are reviewed de novo with no presumption of correctness. **Whaley v. Perkins**, 197 S.W.3d 665, 670 (Tenn. 2006).

III.

In **Pevear v. Hunt**, we discuss the elements of a prescriptive easement:

> To create a prescriptive easement, the use and enjoyment of the property must be adverse, under a claim of right, continuous, uninterrupted, open, visible, exclusive, with the knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period. In Tennessee the prescriptive period is 20 years.

924 S.W.2d 114, 116 (Tenn. Ct. App. 1996) (citations omitted).

IV.

As previously noted, on remand, the trial court took it upon itself to construct a statement of the evidence after the parties were unable to agree on a statement. The statement of the trial court reflects that counsel for the Plaintiff called as witnesses two of the named Defendants, Sidney W. Locke and William Dennis Gillespie, and his client, the Plaintiff Terry Lee Mullins. When the Plaintiff rested, the Defendants called no witnesses, choosing to rest. As explained in the statement of the evidence, the Defendants "relied on the proof and evidence presented by the Plaintiff." The testimony of the three witnesses – taken verbatim from the statement of evidence – is as follows:

<u>Sidney W. Locke</u>

> He is 46 years old. He is the brother of Alfred L. Locke. Alfred L. Locke is the owner of a tract of land contiguous to the Plaintiff's real estate. Exhibit 1 is a copy of the deed to Alfred L. Locke from the

heirs of Gail Gillespie, the witness's grandfather. Sidney lives on this land but does not have an ownership interest in it. Sidney located his house on Exhibit 2 (a survey) and located the driveway in dispute. Exhibit 2 shows the real estate of Alfred L. Locke is located next to Lot 40 of Sunset Hills Subdivision and off of Ferguson Drive. He said Exhibit 2 is not correct. His house is located off Vera Drive not Ferguson Drive. His house is located next to Lot 40 as shown in Exhibit 3. He stated his driveway comes off Vera Drive and he has used it since 1991 to get to his home and this driveway had been in existence before 1991. He stated he added gravel in 1991. He said he could recall the use of this driveway to access his grandfather's farm from his age of 6. The driveway was used to access the Gail Gillespie Farm for farming purposes. He said his grandfather owned approximately 26 acres originally as shown on Exhibit 4 as tract 46. (The Defendant's real estate is shown on Exhibit 4 as tracts 46.02 and 46.03). Access to the Alfred L. Locke real estate is off Vera Road not Ferguson Road. In 1999, the Plaintiff's father, Benny Mullins came to see the witness and used this same driveway to come see the witness and his brother Alfred L. Locke.

### William Dennis Gillespie

He is a son of Gail Gillespie. He has lived [in his present home] on the real estate for 20 years and used the driveway in dispute as his only means of access. He received his deed from the heirs of Gail Gillespie and this land is part of the original Gail Gillespie tract of approximately 26 acres. His deed was not recorded until 1997. The deed was signed by various heirs between late 1991 and early 1992. (Ref. Exhibit 5). Exhibit 6 is a survey attached to his deed. The survey to Exhibit 6 shows his real estate borders on Lot 41 of Sunset Hills and the deed refers to intersecting Lots 42 of Sunset Hills and Jewell Solomon (Lot 47). He says the survey is incorrect. His access is off Vera Drive not Ferguson Drive (also referred to as Sunset Hills Drive). After reviewing Exhibit 3 he testified his access is off Vera Road and his real estate joins Lot 83 of Sunset Hills. He thought his driveway was adjacent to a county road. He acknowledged he did not have a written easement to his real estate. He said he was 57 years old and had lived on the Gillespie Farm all of his life. He said the driveway now in question had been used to access this part of the farm pretty much every day of his life to raise cattle, general farming activities, and gather walnuts from the walnut trees. Vera Road was in existence prior to the development of Sunset Hills in 1974. Part of Vera Drive is now referred to as Gillespie Circle (Ref. Exhibit 7).

Farming activities on the Gillespie Farm included raising cattle, corn, tobacco and cutting hay. Access to part of the farm was over the driveway in dispute. He acquired 2 acres more or less from his family for a home on the hillside because of the view. The only access to his real estate is off Vera Drive along the same roadway/driveway used by family for many years for farming purposes prior to his purchase. Access to Ferguson Road is through rocks, hills and trees (Ref. Exhibit 7). The aerial photograph shows the location of his real estate in relation to Ferguson Drive which is now referred to as Sunset Hills Drive. Exhibit 8 is a photo of a TVA marker, WBR 431-32 which is referred to in the Witness' deed. He took this photo and said it is located near Vera Drive not Ferguson Drive. He said Jewell Solomon's real estate is located on Exhibit 7 as parcel 47 not Lot 47 (comparison of Exhibit 4 to Exhibit 7). Exhibit 7 is a tax map overlaid on an aerial photograph. The witness located TVA marker WBR 431-32 on Exhibit 7 and is shown by a blue dot in the corner of his tract of land on the drawing beneath the name Terry Mullins. Access to Gillespie Road was approximately 1/4 of a mile up hill and blocked by a fence and a creek. Access to Ferguson Drive (now Sunset Hills Drive) was 1/4 mile through rocks, hills and trees. (Ref. Exhibit 7). He testified he placed his home on his real estate in 1998 not 1991.

## Terry Mullins

Mr. Mullins is the Plaintiff in this case. He is the owner of all the lots in Exhibit 3 above and below Vera Drive. He originally received title in 1979 and now by deed referred to as Exhibit 9. The roads were new when the real estate was purchased but had not been turned over to the county. He said he saw no roads off Vera Drive or Ferguson Drive. He further stated he never noticed any driveways. It was in the late 1990's he and his father noticed a new driveway off Vera Drive. He said he asked Sidney and "one other" if they had permission to use the driveway but the discussion got heated so he and his father left. He said he had a survey (Exhibit 10) done in 2009 showing the encroachment on Lot 44 for use as a driveway. He said the encroachment would affect the location of a house on lot 44 (Lot 44 located on Vera Drive.). He did not grow up in this area as he is from Oak Ridge, Tennessee. He was not familiar with farming roads. He first noticed this driveway in 1999. He had filed no prior lawsuits concerning this driveway. He testified the roadway in dispute is off Vera Drive not Ferguson Drive (now Sunset Hills Drive). He stated he owned approximately 60 parcels in Sunset Hills each between 1/4

and 1/2 of an acre. He agrees an old fence runs along Lot 83 of Sunset Hills Subdivision.

V.

As can be seen, Sidney W. Locke testified that he had been aware of the driveway in question for some 40 years. He said he remembers that it was used to access his grandfather's farm, *i.e.*, it was used for farming purposes. He testified that he had personally used the driveway to access his house, which is located on a part of what was formerly his grandfather's farm. His house is located on a tract of land owned by his brother, Alfred L. Locke. The witness testified that he added gravel to the driveway in 1991. He said that, in 1999, Benny Mullins, the father of the Plaintiff, used the driveway when he came to visit him and his brother.

William Dennis Gillespie, the uncle of the Locke brothers, was called to testify by the Plaintiff. The witness was 57 years old. He had lived on the Gillespie farm property all his life. He said

> the driveway now in question had been used to access this part of the farm pretty much every day of his life to raise cattle, general farming activities, and gather walnuts from the walnut trees.

He testified that Vera Drive was in existence prior to the development of the Sunset Hills Subdivision in 1974. According to him, activities on the Gillespie Farm included the raising of cattle, the growing of corn and tobacco, and the cutting of hay. The only access to the witness's property is over the subject driveway from Vera Drive.

The Plaintiff testified that he never saw any roads off Vera Drive and had never noticed any driveways off that road. He acknowledged that he did not grow up in the area, being from Oak Ridge. He said he was not familiar with farming roads. He testified that he first noticed the subject driveway in 1999.

The trial court obviously credited the testimony of Sidney W. Locke and William Dennis Gillespie.[3] That testimony was more than sufficient – and certainly more than a bare

_____

[3]"When the resolution of the issues in a case depends upon the truthfulness of witnesses, the trial judge, who has the opportunity to observe the witnesses in their manner and demeanor while testifying, is in a far better position than this Court to decide those issues." ***State v. Robbins***, No.
(continued...)

preponderance of the evidence – to establish the criteria set forth in *Pevear.* The use was adverse to the Plaintiff and his predecessor owners, under a claim of right, continuous, uninterrupted, open, visible, exclusive and with the knowledge and apparent acquiescence of the owner of the "servient tenement." Such use extended over more than 20 years. The evidence does not preponderate against the trial court's findings of fact underpinning its legal conclusion of a prescriptive easement.

## VI.

The Plaintiff also raises as an issue his contention that the trial court erred in "reforming the deeds of the Defendants." The short and simple answer to this is that the court's judgment does not mention anything about reforming the deeds.

The plaintiff also raises an issue of standing. It is clear, beyond any doubt, that the Defendants, as users of the driveway, had standing to assert a prescriptive easement.

## VII.

The judgment of the trial court is affirmed. Costs on appeal are taxed against the Plaintiff Terry Mullins. Case remanded, pursuant to applicable law, for enforcement of the trial court's judgment and the collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE

---

(...continued)
W2004-00487-COA-R3-PT, 2004 WL 2715334 at *11 (Tenn. Ct. App. W.S., filed Nov. 18, 2004)(citing *McCaleb v. Saturn Corp*., 910 S.W.2d 412 (Tenn. 1995); *Whitaker*, 957 S.W.2d at 837)).