IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2020

**JOHN THOMAS LINK V. ROYCE HINSON ET AL.**

**Appeal from the Chancery Court for Humphreys County**
**No. 2013-CV-92    Suzanne Lockert-Mash, Judge**

_____

**No. M2019-00483-COA-R3-CV**
_____

Appellant sought a prescriptive easement over an existing road across Appellees'
property. The trial court granted Appellees' Tennessee Rule of Civil Procedure 41.02(2)
motion for involuntary dismissal at the close of Appellant's proof and held that
Appellant's occasional use of the road to access his property for hunting purposes did not
satisfy his burden of proof to establish an easement by prescription. Discerning no error,
we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL
SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Patricia R. Young, Brentwood, Tennessee, for the appellant, John Thomas Link.

Mark C. Odel, Dickson, Tennessee, and Robert I. Thomason, Jr., Waverly, Tennessee, for
the appellees, Jennifer Conner and Royce Hinson.

Joseph M. Barrett, Dickson, Tennessee, for the appellees, Farm Credit Services of Mid-
America, FLCA, and T. Mike Estes, Trustee for Farm Credit Services of Mid-America,
FLCA.

**OPINION**

**I. Background**

Appellant John Thomas Link is the owner of a sixty-acre tract of unimproved real
property in Humphreys County (the "Link Tract"). Appellant acquired the Link Tract

from his father, Joe Link, by deed dated January 27, 2010. Joe Link acquired the Link Tract from Michael and Barbara Iverson by deed dated March 20, 1990. Prior to 1990, and dating back to 1955, the Link Tract was owned by Preston Hooper and Gladys Hooper, and W.R. Hooper and Mandy Hooper.

On or about December 15, 2006, Jennifer Connor and Royce Hinson purchased approximately 209 acres of property in Humphreys County (the "Hinson-Connor Tract"). Farm Credit Services of Mid-America, FLCA ("FCS"), and T. Mike Estes, Trustee for FCS (together with Mr. Hinson, Ms. Connor, and FCS, "Appellees"), is the lienholder on the Hinson-Connor Tract. The Hinson-Connor Tract abuts the Link Tract on the north and east. At the time of purchase, Ms. Connor and Mr. Hinson resided in Florida. However, in November 2012, Ms. Connor and Mr. Hinson moved onto the Hinson-Connor Tract.

Appellant uses the Link Tract for hunting and has erected several deer stands on the property. Other than the stands, the Link Tract is unimproved. To access the Link Tract, Appellant uses an "old road" that runs (in order) from Indian Creek Road across the Brumfield family property, the Jamison family property, the Hinson-Connor Tract, the Link Tract, and the Needham family property to Hurricane Creek Road. The instant case involves the portion of the "old road" that runs across the Hinson-Connor Tract to the Link Tract. Although, as noted above, the "old road" continues from the Link Tract across the Needham property to Hurricane Creek Road, this portion of the road is overgrown with trees and brush such that it is currently unusable for ingress/egress. Testimony from Joe Link, Cecil Jamison, and William "Mo" Needham indicates that all of the landowners and their predecessors in title used the portion of the "old road" running from the Needham property to Indian Creek Road for occasional ingress/egress to their respective properties.

After Mr. Hinson and Ms. Connor moved to the Hinson-Connor Tract, Mr. Hinson informed Appellant that he could no longer use the portion of the "old road" running across the Hinson-Connor Tract to access the Link Property. Mr. Hinson informed Appellant that he would need to clear the overgrown portion of the "old road" (i.e., from the Link Tract, across the Needham tract, to Hurricane Creek Road) to access the Link Tract. The instant lawsuit ensued.

On May 29, 2013, Appellant filed suit against Appellees. In his complaint, Appellant alleged, *inter alia*, that he and his predecessors in title

> have openly and adversely used the old road for ingress and egress and have used the road for a period of more than seven (7) years, twenty (20) years, and/or thirty (30) years, and probably for more than one hundred (100) years. Prior to [Appellees'] purchase of their land, the road had been used without disagreement for more than seventy (70) years. . . . The old

- 2 -

road is clearly discernible as to both width and length. The [Appellees], Royce Hinson and Jennifer Connor, had full knowledge of the existence and use of the old road by [Appellant] . . . and [his] predecessors in title.

Based on these averments, Appellant specifically prayed "[t]hat the Court adjudicate an easement by prescription and/or adverse possession for the benefit of the [Appellant] and lawful users for the purpose of ingress and egress." Appellees answered the complaint, denying any easement.

On September 27, 2013, Appellant filed a motion for restraining order and/or temporary injunction asking the trial court to enjoin Appellees from interfering with Appellant's use of the claimed easement. On October 7, 2013, Mr. Hinson and Ms. Connor filed a response in opposition to Appellant's motion. The trial court heard Appellant's motion on October 7, 2013 and entered an order granting same on November 5, 2013. Appellant posted a restraining order bond on June 4, 2014. The case was subsequently continued.

The case was heard on July 9, 2015. At the close of Appellant's proof, the trial court orally granted Appellees' Tennessee Rule of Civil Procedure 41.02(2) motion for involuntary dismissal. Subsequently, by written order of August 20, 2015, the trial court explained that

upon the Rule 41.02(2) motion for involuntary dismissal made by the [Appellees] at the conclusion of the presentation of [Appellant's] evidence, the Court finds based upon the testimony of [Appellant] John Link and [Appellant's] witnesses Joe Link, Mike Edgeman, Jerry Jordon, Cecil Jamison and William Leonard Needham, and the record before the Court including exhibits admitted to evidence, that the [Appellant] has failed to establish by clear and convincing evidence the establishment of the prescriptive easement prayed for across the real property owned by Royce Hinson and Jennifer Conner. A prescriptive easement requires use and enjoyment that is adverse, under a claim of right, uninterrupted, open, visible, exclusive, with knowledge and acquiescence of the owner of the servient tenement, and such use must be continuous for the prescriptive period of 20 years. The Court finds that there is no established easement. In this case, [Appellant's] proof establishes that there are no improvements on [Appellant's] land, and that [Appellant] uses the property he owns, and the claimed easement across [Appellees'] property, only occasionally for hunting purposes. The Court further finds the [Appellant] acquired his property from his father, Joe Link, by deed dated January 27, 2010, and that Joe Link likewise used the property now owned by [Appellant], and the claimed easement across [Appellees'] property, only occasionally for hunting purposes. Further, Joe Link's predecessors in title to the property,

- 3 -

dating back to at least 1955, included Michael Iverson and Barbara Iverson, Preston Hooper and Gladys Hooper and W.R. Hooper and Mandy Hooper. The Court finds that there was no proof offered by [Appellant] establishing any use by Michael Iverson and Barbara Iverson, Preston Hooper and Gladys Hooper and W.R. Hooper and Mandy Hooper of the claimed easement, or of the property presently owned by [Appellant]. The Court further finds that the remaining proof offered by [Appellant] regarding use of the claimed easement was limited to it being used by third parties during a flood occurring in the early 1980s and that it was used once by third parties for the purpose of hauling timber out from property owned by the Needhams. The [Appellant's] proof fails to establish by clear and convincing evidence adverse use and enjoyment that was continuous, uninterrupted, open, visible and exclusive for the prescriptive period of twenty years.

On August 21, 2015, Appellant filed a motion to set aside the August 20, 2015 order and for new trial. Appellant also filed a motion for additional findings of fact and conclusions of law. These post-trial motions were heard on February 29, 2016, but the trial court reserved ruling. On July 16, 2018, prior to the trial court's ruling on the post-trial motions, Appellant filed a motion for substitution of counsel and new trial, wherein he sought a new trial on the ground that the post-trial motions had not been heard and could not properly be adjudicated based on the passage of time. On July 30, 2018, the trial court entered an agreed order substituting counsel.

On August 10, 2018, the trial court heard the motion for new trial. At the hearing, Appellant's attorney acknowledged that the trial court heard the motion for new trial on February 29, 2016 and took the ruling under advisement. By order of February 19, 2019, the trial court denied all pending post-trial motions. Appellant filed his notice of appeal to this Court on March 13, 2019. On March 27, 2019, Appellant filed his designation of the record, which included certain discovery depositions. Appellees objected to the depositions and filed a motion to strike, which was heard on August 9, 2019. By order of September 25, 2019, the trial court granted Appellees' motion to strike the discovery depositions from the appellate record.

## II. Issue

In his appellate brief, Mr. Link presents the following issue for review:

Whether the trial court erred in finding that Appellant does not have a prescriptive easement across Appellees' property for ingress and egress to Appellant's otherwise land-locked property. Appellant submits there has been an easement across Appellees' property for ingress and egress to his property since 1941 or earlier, many years prior to the Appellees' purchase

- 4 -

of their property.

Mr. Link's statement of the issue includes a footnote, stating, "[Appellant's] case that an easement across the property of Appellees was the sole means of ingress and egress to his property is based on alternative theories, including an easement by prescription and establishment of prior existing public road, as well as additional theories of law." Concerning any "alternative theories" of easement, although Tennessee recognizes several methods by which an easement may be created (i.e., (1) express grant, (2) reservation, (3) implication, (4) prescription, (5) estoppel, and (6) eminent domain, **Cellco P'ship v. Shelby Cnty**., 172 S.W.3d 574, 588 (Tenn.Ct.App.2005), *perm. app. denied* (Tenn. Aug. 29, 2005) (citing **Pevear**, 924 S.W.2d at 115-16)), by his complaint, Mr. Link sought only a prescriptive easement in this case. Furthermore, the trial court limited its ruling to Mr. Link's claim for a prescriptive easement. Accordingly, to the extent Mr. Link's appellate brief argues for an easement by any method other than prescription, we will not address these arguments and will only review the trial court's denial of the prescriptive easement.

### III. Standard of Review

As noted above, the trial court adjudicated this case by granting Appellees' Tennessee Rule of Civil Procedure 41.02(2) motion for involuntary dismissal. Motions for involuntary dismissal pursuant to Tenn. R. Civ. P. 41.02(2) challenge the sufficiency of the plaintiff's proof. **Burton v. Warren Farmers Co-op**., 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002) (citations omitted). "A claim may be dismissed pursuant to a Tenn. R. Civ. P. 41.02(2) motion to dismiss if, based on the law and the evidence, the plaintiff has failed to demonstrate a right to the relief it is seeking." **Id.** (citing **City of Columbia**, 557 S.W.2d at 740). When faced with a Tenn. R. Civ. P. 41.02(2) motion, the court weighs the evidence "just as it would after all the parties had concluded their cases and may dismiss the plaintiff's claims if the plaintiff has failed to make out a prima facie case . . . ." **Id.** (citing **Thompson v. Adcox**, 63 S.W.3d 783, 791 (Tenn. Ct. App. 2001)).

In reviewing a trial court's grant of an involuntary dismissal under Tenn. R. Civ. P. 41.02, this Court applies the Tennessee Rule of Appellate Procedure 13(d) standard of review "because the trial court has used the same reasoning to dispose of the motion that it would have used to make a final decision at the close of all the evidence." **Id.** (citations omitted). Accordingly, we review the record *de novo* with a presumption that the trial court's factual findings are correct unless the evidence preponderates otherwise. *See* **Shore v. Maple Lane Farms, LLC**, 411 S.W.3d 405, 414 (Tenn. 2013) (citing **Bldg. Materials Corp. v. Britt**, 211 S.W.3d 706, 711 (Tenn. 2007)). We review the trial court's legal conclusions de novo without a presumption of correctness. **Id.**

## IV. Analysis

An easement creates an enforceable right to use another's property for a specific purpose. ***Pevear v. Hunt***, 924 S.W.2d 114, 115 (Tenn. Ct. App. 1996) (citation omitted). A right of way across another's property is the most common form of easement. ***Shew v. Bawgus***, 227 S.W.3d 569, 578 (Tenn. Ct. App. 2007), *perm. app. denied* (Tenn. June 25, 2007) (quoting ***Stinson v. Bobo***, No. M2001-02704-COA-R3-CV, 2003 WL 238723, at *3 (Tenn. Ct. App. Feb. 4, 2003)).

"A prescriptive easement is an implied easement premised on the use of another's property rather than the language in a deed." ***Shew***, 227 S.W.3d at 578 (quoting ***Stinson***, 2003 WL 238723, at *3). The creation of a prescriptive easement requires that the use of the property be for the full prescriptive period, "adverse under a claim of right, continuous, uninterrupted, open, visible, exclusive, and with the knowledge and acquiescence of the owner of the servient estate." ***Pevear***, 924 S.W.2d at 116 (citing ***Keebler v. Street***, 673 S.W.2d 154, 156 (Tenn. Ct. App. 1984)); *see also* ***House v. Close***, 346 S.W.2d 445, 447 (Tenn. Ct. App. 1961), *perm. app. denied* (Tenn. May 26, 1961). "[T]he prescriptive period in Tennessee is 20 years." ***Pevear***, 924 S.W.2d at 116 (citing ***Callahan v. Town of Middleton***, 292 S.W.2d 501, 509 (Tenn. Ct. App. 1956)). Tennessee courts have held that in establishing the full prescriptive period, parties may "tack" their adverse possession onto that of predecessors in title. ***Derryberry v. Ledford***, 506 S.W.2d 152, 156 (Tenn. Ct. App. 1973), *perm. app. denied* (Tenn. March 4, 1974). However, as stated by this court, "[t]acking requires that the combined periods be successive, that each possession must meet the elements of prescriptive easement, and that the possessions be in privity." ***Thompson v. Hulse***, No. E1999-02474-COA-R3-CV, 2000 WL 124787, at *3 (Tenn. Ct. App. Jan. 26, 2000).

Turning to the record, both Appellant and his father testified that they use the "old road" to access the Link Tract for occasional recreational purposes, specifically hunting. With the exception of deer stands, the Link Tract is unimproved. There was no evidence concerning the use of the claimed easement by the Iversons, Joe Link's predecessor in title. Appellant called Mike Edgeman to testify. Mr. Edgeman delivered "feed and fertilizer," for hunting purposes, to the Link Tract via the claimed easement. Mr. Edgeman explained that his deliveries were sporadic and not a regular occurrence. Appellant also called adjoining landowners, Cecil Jamison and Leonard "Mo" Needham, to testify. Like Appellant and his father, Messrs. Jamison and Needham testified only to occasional and sporadic use of the "old road." Regardless, Messrs. Jamison and Needham's testimonies concerned their own use of the "old road" and did not touch on the use of the claimed easement by Appellant or his predecessors in title. As such, Messrs. Jamison and Needham's testimony is not sufficient to establish the requisite prima facie elements for prescriptive easement, which rest on the claimant's use of the purported easement and not on the use of same by other individuals. The only other testimony was from Jerry Jordan. Mr. Jordan cut timber from the Needham property and

testified that he used the "old road" to move the timber from the Needham site, across the Link Tract, to Indian Creek Road. Again, Mr. Jordan's testimony goes to the Needhams' use of the claimed easement and not to Appellant's. From our review, it is clear that Appellant and his father used the claimed easement only occasionally to access the Link Tract for hunting and recreational purposes.

This Court has held that intermittent or seasonal use of another's land for a temporary purpose is insufficient to establish an easement by prescription. *McCammon v. Meredith*, 830 S.W.2d 577 (Tenn. Ct. App. 1991). In *McCammon*, we explained that:

> Mere acts of trespass do not constitute actual possession. "The act of a casual trespasser who enters upon land for a temporary purpose, as for example, to hunt or fish, is not an act of possession, because it is lacking in the purpose to seize and hold. . . ." *Round Mountain Lumber & Coal Co. v. Bass*, 136 Tenn. 687, 700, 191 S.W. 341 (1916). "[C]asual or seasonal trespass is not enough to satisfy the rigid requirements of adverse possession." *U.S. v. McCulley*, 100 F.Supp. 379, 383 (E.D.Tenn.1951).

*McCammon*, 830 S.W.2d at 580; *accord* *Page v. Fuchs*, No. W1999-00702-COA-R3-CV, 2000 WL 791812, *3 (Tenn. Ct. App. June 6, 2000). As explained in *Harrison v Mullenix*, No. 03A01-9312-CH-00465, 1994 WL 481399, *3 (Tenn. Ct. App. Sept. 7, 1994), *perm. app. Denied* (Tenn. Jan. 3, 1995), "The uninterrupted and continuous enjoyment of a right of way does not demand the use thereof every day for the twenty-year period, but does require use of a nature and character . . . that is not sporadic or occasional only for temporary purposes." Here, the evidence presented by Appellant shows only sporadic and occasional use of the claimed easement for the temporary purpose of hunting and other recreational pursuits. As discussed above, such use is insufficient to establish a prima facie case for prescriptive easement. Accordingly, we conclude that the trial court did not err in granting Appellees' motion for involuntary dismissal at the close of Appellant's proof.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, John Thomas Link, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE