IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2022

FILED
04/05/2022
Clerk of the
Appellate Courts

## JOHN J. LEE v. BEACH ONE PROPERTIES, LLC ET AL.

**Appeal from the Circuit Court for Trousdale County**
**No. 2019-CV-4792   Clara W. Byrd, Judge**

———————————————

**No. M2021-00042-COA-R3-CV**

———————————————

This case involves the purchase of a parcel of real property pursuant to an installment contract for deed.  After entering into the contract, the purchaser discovered the existence of a natural gas pipeline easement on the property.  The purchaser subsequently brought suit against the seller, arguing an anticipatory breach of contract and a breach of the warranty of title for failure to inform him of the easement.  The trial court granted summary judgment in favor of the seller based on its finding that the easement was properly recorded and discoverable through the exercise of ordinary due diligence.  On appeal, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Robert P. MacPherson, Lebanon, Tennessee, for the appellant, John J. Lee.

M. Allen Ehmling, Gallatin, Tennessee, for the appellee, Beach One Properties, LLC.

### OPINION

#### BACKGROUND AND PROCEDURAL HISTORY

On February 5, 2016, John J. Lee and Beach One Properties, LLC ("Beach One") entered into a contract for the sale to Mr. Lee of a certain parcel of real property located in Trousdale County, Tennessee.  The parties' agreement was set forth in an "Installment Contract for Deed" which contained a "Property Description" section clearly referencing the property being purchased as "Tract 13 of the Parkhurst Subdivision, a plat of which is of record in Plat Book 1, page 10, of the Register's Office for Trousdale County, Tennessee, to which reference is hereby made for a more complete description."  Years

prior to the parties entering into this agreement, Texas Eastern Transmission, LP ("Texas Eastern") recorded a valid natural gas easement across the property referenced in the contract. This easement has been a matter of public record in the Register's Office for Trousdale County, Tennessee since at least 1962 and is clearly shown on the plat referenced in the contract.

On July 25, 2019, Mr. Lee filed suit against Beach One, alleging that Beach One had anticipatorily breached its contract with him because the easement on the property "constitute[d] a defect in title that was not contracted for, nor disclosed to," Mr. Lee, and that Beach One had further breached the contract because it "violat[ed] the implied obligation of good faith and fair dealing impressed by law upon all contracts, by contracting to sell property so encumbered by the easement." Mr. Lee contended that, during the course of negotiations concerning the contract, he informed Beach One that he intended to construct a building and residence on the property. Mr. Lee also stated that at no point during the course of negotiations did Beach One inform him of Texas Eastern's easement.[1]

The case was heard in the Circuit Court for Trousdale County on February 3, 2020 upon a motion for summary judgment filed by Beach One. In its February 20, 2020 order, the trial court found that the plat referenced in the "Installment Contract for Deed" "clearly show[ed] the natural gas easement of Texas Eastern[]" and that, "had [Mr. Lee] exercised ordinary diligence and reviewed the Plat referenced in the Installment Contract for Deed which shows the natural gas easement, [Mr. Lee] would have known where he could have constructed the building in question." Moreover, the trial court found that Mr. Lee conceded that Texas Eastern's natural gas easement was properly recorded and shown in the plat that was referenced in the deed and that this constituted notice to him of the easement. Ultimately, the court determined that there was no material misrepresentation or fraud committed by Beach One and that summary judgment as to Mr. Lee's claims against it was proper. Beach One later filed a motion to declare the trial court's prior grant of summary judgment a "final judgment" pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In an order filed December 17, 2020, the trial court entered an order deeming its prior order granting Beach One summary judgment to be final pursuant to Rule 54.02. Thereafter, Mr. Lee filed a notice of appeal. On June 21, 2021, this Court entered a show cause order, noting that the trial court's order omitted the language required under Rule 54.02 and, therefore, was not a final and appealable order. Thereafter, the trial court entered a subsequent order on August 19, 2021, stating that there was "no just reason for delay" and that the order constituted a final judgment as to Mr. Lee's claims against Beach One.

---

[1] Mr. Lee also included Texas Eastern as a defendant in his complaint, alleging negligence against it for "failing properly to mark on the property the location of the easement." Ultimately, the trial court granted summary judgment in favor of Texas Eastern, and Mr. Lee did not appeal that decision. As such, any allegations in connection with Mr. Lee's complaint insofar as they relate to Texas Eastern are not relevant to the issues now before us.

## ISSUE PRESENTED

Mr. Lee raises two issues on appeal for our review, which we have consolidated into a single issue as follows:

Whether the grant of summary judgment was appropriate.

## STANDARD OF REVIEW

"The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness." *Highlands Physicians, Inc. v. Wellmont Health Sys.*, 625 S.W.3d 262, 276 (Tenn. Ct. App. 2020) (citing *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013)). Accordingly, it is the duty of this Court to "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* (citing *Rye*, 477 S.W.3d at 250).

As our Supreme Court elucidated in *Rye*,

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye*, 477 S.W.3d at 264. When there is a properly supported motion for summary judgment, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Nashboro Golf Course, LLC v. Townhomes of Nashboro Villiage, L.P.*, No. M2017-00226-COA-R3-CV, 2018 WL 4382073, at *2 (Tenn. Ct. App. Sept. 14, 2018) (citing *Rye*, 477 S.W.3d at 265). "[T]he evidence must be viewed in a light most favorable to the claims of the nonmoving party, with all reasonable inferences drawn in favor of those claims." *Cotton v. Wilson*, 576 S.W.3d 626, 637 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 286). "Summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Tenn. R. Civ. P. 56.04).

DISCUSSION

"An easement is an interest in property that confers on its holder a legally enforceable right to use another's property for a specific purpose." *Holder v. Serodino*, No. M2014-00533-COA-R3-CV, 2015 WL 5458377, at *7 (Tenn. Ct. App. 2015) (citing *Hall v. Pippin*, 984 S.W.2d 617, 620 (Tenn. Ct. App. 1998)). There are several ways in which easements may arise in Tennessee, including, but not limited to: "(1) express grant; (2) reservation; or (3) implication." *Id.* (citing *Pevear v. Hunt*, 924 S.W.2d 114, 115-16 (Tenn. Ct. App. 1996)). An express easement must have some type of "document evincing the parties' intent that complies with the relevant statute of frauds, Tennessee Code Annotated § 29-2-101." *Id.* (citing *Cellco P'ship v. Shelby Cty.*, 172 S.W.3d 574, 593 (Tenn. Ct. App. 2005)).

The crux of Mr. Lee's argument concerns his contention that Beach One is not entitled to summary judgment because the property at issue was "burdened with such an encumbrance" that Beach One anticipatorily breached the contract and violated the warranty of title implicit in the contract.[2] We disagree.

In order for us to determine whether Beach One was properly granted summary judgment, we must determine whether Beach One was under a duty to disclose the existence of Texas Eastern's easement to Mr. Lee. A seller has a duty to disclose a *material* fact or condition "unless ordinary diligence would have revealed the undisclosed fact." *Butler v. Pitts*, No. W2015-01124-COA-R3-CV, 2016 WL 561078, at *4 (Tenn. Ct. App. Feb. 12, 2016) (quoting *Lonning v. Jim Walter Homes, Inc.*, 725 S.W.2d 682, 685 (Tenn. Ct. App. 1986)). A fact or condition is considered to be "material" "if it controls the desirability and value of the property." *Id.* (citing *Patel v. Bayliff*, 121 S.W.3d 347, 353 (Tenn. Ct. App. 2003)). Indeed, it is certainly viable that the existence of Texas Eastern's easement on the real property at issue would "control the desirability and value of the property." Nevertheless, there is no duty to disclose such a fact or condition "if it was apparent through observation or if it would have been discoverable through the exercise of ordinary diligence." *Id.* (citing *Daniels v. Basch*, No. M2004-01844-COA-R3-CV, 2005 WL 2860177, at *3 (Tenn. Ct. App. Oct. 27, 2005)).

---

[2] We also note that, on appeal, Mr. Lee raises an additional argument concerning whether or not there was a dispute of material fact that forecloses the entry of summary judgment. Specifically, Mr. Lee contends that Beach One's assertion of undisputed material facts coupled with its failure to respond to his own statement of undisputed facts renders the matter inappropriate for a grant of summary judgment. As we will explain in more detail later in this Opinion, however, we find the resolution of this appeal turns on whether Beach One had a duty to disclose the existence of Texas Eastern's easement to Mr. Lee, and whether the easement was discoverable by an exercise of ordinary due diligence. Mr. Lee concedes that the easement was properly recorded and that he failed to check the plat referenced in the contract. These facts were established by the summary judgment record. We find these undisputed material facts sufficient to form the basis on which a grant of summary judgment may be made.

Here, Mr. Lee signed an "Installment Contract for Deed" which clearly references a plat of record in the Register's Office for Trousdale County. For reasons unbeknownst to this Court, Mr. Lee failed to conduct either a title search of the property or inspect the referenced plat. Had Mr. Lee done either, he would have discovered Texas Eastern's properly recorded easement of over 40 years. By failing to do so, he did not exercise ordinary diligence. Mr. Lee concedes that the easement at issue in this case is valid and properly recorded. He argues, however, that Beach One breached the contract and violated the warranty of title by failing to inform him of the easement. We find this argument to be without merit. As we alluded to earlier, *Butler v. Pitts* made this Court's position clear that sellers do *not* have a duty to inform a buyer of an easement even if that easement constitutes a "material" fact or condition so long as ordinary diligence would have revealed the existence of the easement. Moreover, pursuant to Tennessee Code Annotated section 66-26-102, "[a]ll of the instruments registered pursuant to § 66-24-101 shall be notice to all the world from the time they are noted for registration." Here, Texas Eastern's easement on the real property at issue has been of record in the Register's Office for Trousdale County since at least 1962.

In his brief, Mr. Lee attempts to negate the implications of section 66-26-102, noting that Beach One "will attempt to rely on the 'fiction' created" by the statute in that the recordation of the plat and easement put him on notice "at all times of the existence of the easement." Mr. Lee's disagreement with the implications of the statute does not render it a "fiction." Rather, the proper recordation of Texas Eastern's easement, coupled with the clearly referenced plat in the "Installment Deed for Contract," put the onus on Mr. Lee to do his due diligence. Had he done so, the recordation would have been discoverable through ordinary diligence such that disclosure is not required. For whatever reason, he failed to do so.

Because there was no duty on the part of Beach One to disclose the recorded easement to Mr. Lee, it cannot be said to have anticipatorily breached the contract and violated the warranty of title. Moreover, the easement was properly recorded, and an exercise of ordinary due diligence would have revealed the existence of said easement. There is no dispute as to the recordation of the easement, nor is there a dispute as to the reference to the plat in the "Installment Deed for Contract." Accordingly, we conclude that there is no genuine dispute of material facts in this matter and that the trial court did not err in granting summary judgment in favor of Beach One.

CONCLUSION

Based on the foregoing, we affirm the trial court's grant of summary judgment in favor of Beach One.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE